**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CONSTANCE FREEMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 25-cv-03846 (APM)** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **DEPARTMENT OF HUMAN SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>MEMORANDUM OPINION</u>

Pro se Plaintiff Constance Freeman brings various claims against her employer the D.C. Department of Human Services.  Compl., ECF No. 1.[1]  Defendant moves to dismiss the complaint in its entirety.  Def.'s Mot. to Dismiss the Compl., ECF No. 7.  The court provided notice to Plaintiff of the potential consequence of not opposing the motion, Order, ECF No. 8, but she did not respond.  The court treats the motion as conceded, LCvR 7(b); *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016), but it also addresses the merits, *see Cohen*, 819 F.3d at 481–82 (expressing concern about treating an unopposed motion to dismiss as conceded).

*First*, Plaintiff has failed to state a claim under the Americans with Disabilities Act and the D.C. Human Rights Act because she fails to plausibly allege that she has a qualifying disability.  *See Humphries v. Newman*, No. 18-cv-2936 (JMC), 2022 WL 612657, at *5 (D.D.C. Mar. 2, 2022), *aff'd*, No. 22-7043, 2022 WL 3449226, at *1 (D.C. Cir. Aug. 11, 2022) (affirming

---

[1] The court treats the complaint as if were brought against the District of Columbia.

dismissal for failure to plead disability).  Plaintiff alleges that she has a "mental disability" but no more.  Compl. at 4.  Such a bare-boned pleading is not sufficient to plausibly establish that she has a "mental [disability] that substantially limits one or more major life activities." *See Humphries*, 2022 WL 612657, at *5 (quoting 42 U.S.C. § 12102(1)).

*Second*, Plaintiff has not pleaded a claim for retaliation.  She has only alleged that the ADA coordinator twice did not respond to her request to meet.  *See* Compl. at 5.  She has not, however, alleged that she was subject to any adverse action by her employer due to her exercise of rights under the statute.  *Solomon v. Vilsack*, 763 F.3d 1, 14 (D.C. Cir. 2014) (setting forth elements of ADA retaliation claim).

*Third*, Plaintiff fails to assert a claim under the D.C. Protecting Pregnant Workers Fairness Act, D.C. Code § 32-1231.01.  She nowhere alleges that she was denied reasonable accommodation "related to pregnancy, childbirth, related medical conditions, or breastfeeding," *id.* § 32-1231.03(1).  *See generally* Compl.

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint, ECF No. 7, is granted without prejudice.  *See Cohen*, 819 F.3d at 484.  A separate final order accompanies this Memorandum Opinion.

Dated:  May 11, 2026

Amit P. Mehta
United States District Judge

2